UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Alexandria L Lasley § Case No. 10-64929
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on            .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/WILLIAM B. LOGAN, JR._____
                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 10-64929 | CMC | Judge: | Charles M. Caldwell | Trustee Name: | WILLIAM B. LOGAN, JR. |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Alexandria L Lasley | | | | Date Filed (f) or Converted (c): | 12/28/2010 (f) |
| | | | | | 341(a) Meeting Date: | 02/04/2011 |
| For Period Ending: | 12/12/2013 | | | | Claims Bar Date: | 08/13/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash on hand (u) | 10.00 | 10.00 | | 0.00 | FA |
| 2. Checking account 3672 US Bank joint with fiancee | 187.00 | 0.00 | | 0.00 | FA |
| 3. Savings account 1747 US Bank joint with fiancee | 25.00 | 0.00 | | 0.00 | FA |
| 4. Household Goods and furnishings (u) | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 5. Wearing Apparel (u) | 50.00 | 50.00 | | 0.00 | FA |
| 6. Furs and jewelry (u) | 50.00 | 50.00 | | 0.00 | FA |
| 7. Sporting goods and camera | 55.00 | 0.00 | | 0.00 | FA |
| 8. Retiremeent 401(k) Alliance Data | Unknown | 0.00 | | 0.00 | FA |
| 9. Wages | Unknown | 0.00 | | 0.00 | FA |
| 10. Taxes | 0.00 | 0.00 | | 0.00 | FA |
| 11. 2001 Lincoln 168000 miles | 1,000.00 | 0.00 | | 0.00 | FA |
| 12. 2005 Chevrolet 80000 miles | 5,000.00 | 0.00 | | 0.00 | FA |
| 13. Computer | 350.00 | 0.00 | | 0.00 | FA |
| 14. 3 dogs - pets | 0.00 | 0.00 | | 0.00 | FA |
| 15. Personal Injury Settlement (Yaz/Yasmin/Ocella) (u) | 0.00 | 0.00 | | 245,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)  $7,727.00  $1,110.00  $245,000.00  $0.00

(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

11/18/13: File being reviewed for final report preparation. Form 2 to Roger Whitaker. SUE CHAFIN

Initial Projected Date of Final Report (TFR): 05/09/2013  Current Projected Date of Final Report (TFR): 08/29/2014

Exhibit A

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 10-64929 | Trustee Name: WILLIAM B. LOGAN, JR. |
| Case Name: Alexandria L Lasley | Bank Name: Bank of Kansas City |
| | Account Number/CD#: XXXXXX1030 |
| | Checking |
| Taxpayer ID No: XX-XXX3472 | Blanket Bond (per case limit): $2,000,000.00 |
| For Period Ending: 12/12/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/09/13 | | Wendt Goss PC | Personal Injury Settlement | | $230,300.00 | | $230,300.00 |
| | | | Gross Receipts  $245,000.00 | | | | |
| | | Multi-District Litigation Expense Reimbursement | ($4,900.00) | 3220-000 | | | |
| | | Multi-District Litigation Expense Reimbursement | ($9,800.00) | 3210-000 | | | |
| | 15 | | Personal Injury Settlement  $245,000.00 (Yaz/Yasmin/Ocella) | 1242-000 | | | |
| 10/24/13 | 1001 | Wendt Goss P.C. | Special counsel fees, doc 33 | 3210-000 | | $100,450.00 | $129,850.00 |
| 10/24/13 | 1002 | Wendt Goss P.C. | Special counsel expenses, doc 33 | 3220-000 | | $762.73 | $129,087.27 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $230,300.00 | $101,212.73 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $230,300.00 | $101,212.73 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $230,300.00 | $101,212.73 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                Page Subtotals:   $230,300.00   $101,212.73

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX1030 - Checking | $230,300.00 | $101,212.73 | $129,087.27 |
|  | $230,300.00 | $101,212.73 | $129,087.27 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $14,700.00 |
|---|---|
| Total Net Deposits: | $230,300.00 |
| Total Gross Receipts: | $245,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 2:10-64929-CMC  
Debtor Name: Alexandria L Lasley  
Claims Bar Date: 8/13/2012  

Date: December 12, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | William B. Logan, Jr. 50 West Broad Street, Suite 1200 Columbus, OH 43215 | Administrative | | $0.00 | $15,500.00 | $15,500.00 |
| 100 2200 | William B. Logan, Jr. 50 West Broad Street, Suite 1200 Columbus, OH 43215 | Administrative | | $0.00 | $169.62 | $169.62 |
| 100 2700 | United States Bankruptcy Court Clerk | Administrative | | $0.00 | $260.00 | $260.00 |
| 100 3110 | William B. Logan Jr. Luper Neidenthal & Logan Counsel for Trustee | Administrative | | $0.00 | $1,568.64 | $1,568.64 |
| 100 3120 | William B. Logan Jr. Luper Neidenthal & Logan Counsel for Trustee | Administrative | | $0.00 | $43.46 | $43.46 |
| 100 3210 | Multi-District Litigation Expense Reimbursement | Administrative | | $0.00 | $9,800.00 | $9,800.00 |
| 100 3210 | Wendt Goss P.C. | Administrative | | $0.00 | $100,450.00 | $100,450.00 |
| 100 3220 | Multi-District Litigation Expense Reimbursement | Administrative | 1 | $0.00 | $4,900.00 | $4,900.00 |
| 100 3220 | Wendt Goss P.C. | Administrative | | $0.00 | $762.73 | $762.73 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 2:10-64929-CMC  
Debtor Name: Alexandria L Lasley  
Claims Bar Date: 8/13/2012  

Date: December 12, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 1 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee Of Citibank Resurgent Capital Services Po Box 19008 Greenville, Sc 29602 | Unsecured | | $0.00 | $5,023.71 | $5,023.71 |
| 2 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee Of Citibank Resurgent Capital Services Po Box 19008 Greenville, Sc 29602 | Unsecured | | $0.00 | $1,295.43 | $1,295.43 |
| 3 300 7100 | Us Bank N. A. Us Bank N.A. Bankruptcy Department P.O. Box 5229 Cincinnati, Oh 45201-5229 | Unsecured | | $0.00 | $3,949.44 | $3,949.44 |
| 4 300 7100 | Us Bank N. A. Us Bank N.A. Bankruptcy Department P.O. Box 5229 Cincinnati, Oh 45201-5229 | Unsecured | | $0.00 | $1,839.89 | $1,839.89 |
| 5 300 7100 | Capital One Bank Usa Na Po Box 71083 Charlotte Nc 282721083 | Unsecured | | $0.00 | $380.33 | $380.33 |
| 6 300 7100 | Us Dept Of Education Attn: Borrowers Service Dept Po Box 5609 Greenville, Tx 75403 | Unsecured | | $0.00 | $8,456.04 | $8,456.04 |
| 7 300 7100 | At&T Mobility Ii Llc % James Grudus, Esq. One At&T Way, Room 3A218 Bedminster, Nj 07921 | Unsecured | | $0.00 | $481.36 | $481.36 |
| 8 350 7200 | N. A. Capital One Capital One, N.A. C/O Bass & Associates, P.C. 3936 E. Ft. Lowell Road, Suite #200 Tucson, Az 85712 | Unsecured | | $0.00 | $1,780.95 | $1,780.95 |
| 9 350 7200 | Ecast Settlement Corp. Assignee Of Capital One, N.A. C/O Bass & Associates, P.C. 3936 E. Ft. Lowell Road, Suite #200 Tucson, Az 85712 | Unsecured | | $0.00 | $2,047.50 | $2,047.50 |
| | Case Totals | | | $0.00 | $158,709.10 | $158,709.10 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 2:10-64929-CMC                                                                                        Date: December 12, 2013
Debtor Name: Alexandria L Lasley
Claims Bar Date: 8/13/2012

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-64929
Case Name: Alexandria L Lasley
Trustee Name: WILLIAM B. LOGAN, JR.

  Balance on hand    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: William B. Logan, Jr. | $ | $ | $ |
| Trustee Expenses: William B. Logan, Jr. | $ | $ | $ |
| Attorney for Trustee Fees: William B. Logan Jr. | $ | $ | $ |
| Attorney for Trustee Expenses: William B. Logan Jr. | $ | $ | $ |
| Charges: United States Bankruptcy Court Clerk | $ | $ | $ |
| Other: Multi-District Litigation Expense Reimbursement | $ | $ | $ |
| Other: Multi-District Litigation Expense Reimbursement | $ | $ | $ |
| Other: Wendt Goss P.C. | $ | $ | $ |
| Other: Wendt Goss P.C. | $ | $ | $ |

  Total to be paid for chapter 7 administrative expenses    $_____

  Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 2 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 3 | Us Bank N. A. | $ | $ | $ |
| 4 | Us Bank N. A. | $ | $ | $ |
| 5 | Capital One Bank Usa Na | $ | $ | $ |
| 6 | Us Dept Of Education | $ | $ | $ |
| 7 | At&T Mobility Ii Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

  Remaining Balance                    $_____

  Tardily filed claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent.

  Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 8 | N. A. Capital One | $ | $ | $ |
| 9 | Ecast Settlement Corp. | $ | $ | $ |

  Total to be paid to tardy general unsecured creditors      $_____

  Remaining Balance                   $_____

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

  To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $       . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is
$            .